UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD J. DEMPSEY,

Plaintiff,

-vs-                                                    Case No. 6:07-cv-111-Orl-19DAB

WILLIAM T. MCCLUAN, BOARD OF
BREVARD COUNTY COMMISSIONERS,
TRUMAN SCARBOROUGH, JR., RON
PRITCHARD, NANCY HIGGS, SUE
CARLSON, JACKIE COLON, SHERIFF
PARKER, EMANUEL JENKINS, JOHN
DOE DEPUTIES,

Defendants.
_____

ORDER APPROVING REPORT AND RECOMMENDATION AND
DISMISSING COMPLAINT WITHOUT PREJUDICE

This case comes before the Court on the following:

1.      Report and Recommendation, filed by the United States Magistrate Judge on

January 26, 2007; (Doc. No. 5); and

2.      Objection to Judge Bakers [sic] Proposed Findings and Recommendations

Denying for Plaintiff to Proceed In Forma Pauperis and to Dismis[s]

Plaintiff's Action, filed by Plaintiff Richard J. Dempsey on February 2, 2007.

(Doc. No. 6).

**Background**

Plaintiff Richard J. Dempsey filed the instant lawsuit on January 23, 2007. (Doc. No.

-1-

1).  On the same day, Plaintiff filed an application to proceed *in forma pauperis* (IFP).  (Doc. No. 2).  On January 26, 2007, the United States Magistrate Judge reviewed the allegations of Plaintiff's complaint and his application for IFP status.  In reviewing such documents the United States Magistrate Judge found that Plaintiff has previously filed two similar civil suits and determined that all of the claims of the Complaint were frivolous.  (Doc. No. 5, p. 2).  Thus, the Magistrate Judge recommended that the application for IFP status be denied and the action be dismissed.  (*Id.*)

Plaintiff now objects to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge misapplied the law and incorrectly stated the facts.  (*See* Doc. No. 6, pp. 1-4).

## Standard of Review

In reviewing an application to proceed *in forma pauperis*, the Court may dismiss the case or refuse to permit it to continue without payment of fees "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(e)(2).

## Analysis

After reviewing the allegations of the Complaint, the Court finds the United States Magistrate Judge committed no error in analyzing the facts of the case or in applying the law to the facts.  Richard J. Dempsey has previously filed two similar civil suits in this Court against Brevard County Judge McCluan in 2003 and 2004 and has sought to remove a criminal prosecution from Brevard County Court to this Court in 1999.[1]  All three actions

---

[1]    *See* Case Nos. 6:03-cv-371-Orl-22, 6:04-cv-542-Orl-28JGG, and 6:99-cv-1001-Orl-18DAB.

were promptly dismissed either because the claims against Judge McCluan were barred by the doctrine of judicial immunity or because the Court lacked jurisdiction.

In the instant case, Plaintiff again is suing Judge McCluan for claims arising from his 2003 incarceration for criminal contempt for not paying the $40.00 public defender fee generated in a driving under the influence ("DUI") case which was resolved by a *nolle prosequi*. (*See* Doc. No. 1, ¶ 5). The Magistrate Judge correctly noted that Plaintiff's claims against Judge McCluan are clearly barred by judicial immunity and by Federal Rule of Civil Procedure 41. *E.g.,* Fed. R. Civ. P. 41(b),(d). The Magistrate Judge correctly noted that Plaintiff's remedy, if any, for his allegedly wrongful incarceration is to pursue an appeal in the state court system.

In addition, arising from that incident, Plaintiff has sued the individual Brevard County Commissioners for conspiring to deny him equal protection and inflict cruel and unusual punishment apparently for nothing more than authorizing operation of the Brevard County Jail where Plaintiff was incarcerated for failing to pay the $40.00 fee. (*See* Doc. No. 1, pp. 4-5). Such allegations are not sufficient to state a claim against the Brevard County Commissioners.

Plaintiff states no valid grounds for overruling the Report and Recommendation of the Magistrate Judge. The Magistrate Judge correctly applied 28 U.S.C. Section 1915(e) to the review of Plaintiffs application for IFP status. Although at one point the Report and Recommendation incorrectly cites the subsection of the applicable statute as "1915(d),"[2] the Magistrate Judge applied the correct standard to Plaintiff's application for IFP status. All

---

[2]    *See* Doc. No. 5, p. 1.

of Plaintiff's other arguments are rejected as frivolous.[3]

**Conclusion**

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation filed by the United States Magistrate Judge on January 26, 2007.  (Doc. No. 5).  Plaintiff's application for *in forma pauperis* status, (Doc. No. 2), is **DENIED**.  Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**.  Plaintiff shall have ten (10) days from the date of this Order to submit an amended complaint and pay the applicable filing fee to the Clerk of Court for the Middle District of Florida.  If Plaintiff fails to pay the filing fee within ten (10) days from the date of this Order, this case shall be dismissed without further notice and the file closed.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 14th day of February, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3]    Plaintiff argues, *inter alia*, that federal judges should not be given life tenure, that he is being discriminated against because he is a "Yankee" in "rebel territory," and that a jury should decide all of his claims.  (*See* Doc. No. 6 at pp. 4-5).

Copies furnished to:

Counsel of Record

Unrepresented Party